[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff Lynda Murphy instituted this action against the defendant Osborne B. Murphy seeking a dissolution of their marriage and other relief. The parties have resided in the State of Connecticut for more than one year prior to the bringing of this action and the court has jurisdiction over the marriage and the parties. Neither party has been a recipient of public assistance during the period of the marriage. The parties were married on November 26, 1985. This was a second marriage for both parties. The plaintiff has no children and the defendant has two adult children by a previous marriage. Both prior marriages were terminated by a dissolution.
The parties' marriage has broken down irretrievably, there is no reasonable hope for reconciliation. Although it is not necessary to recite the details, the conduct of the defendant was the cause of the breakdown.
The plaintiff is self-employed as a relocation consultant and operates under the trade name of Introtours. Basically, she has one client, Pfizer. Although her affidavit shows net income before taxes of $400, her tax returns for 1999 indicates a net weekly income of approximately $673 and for 1998, $558. (The tax return for 2000 had not been prepared as of the date of trial). The defendant is retired from Yale University and has weekly income from pensions of $790.
The court has carefully considered the statutory criteria for the granting of a dissolution of marriage, alimony, and attorney's fees, and the division of the parties' assets and liabilities. The court ORDERS the following:
1. Dissolution of the marriage.
2. The defendant shall vacate the property at 21 Brighton Road, Old Lyme, Connecticut, on or before June 15, 2001, and the property shall be listed for sale and sold at the earliest possible time. All costs of sale, including the real estate commission and usual closing costs, shall be deducted from the gross selling price to determine the net proceeds of sale. The net proceeds shall be divided as follows: Eighty per cent (80%) of the net proceeds shall be paid over to the plaintiff and twenty percent (20%) of the net proceeds shall be paid over to the defendant.
3. The 1280 shares of Pfizer stock which has a value of approximately CT Page 5656 $52,352[1] shall be transferred by the defendant to the plaintiff and it shall be the property of the plaintiff.
4. The debt of $9,000 due from the plaintiff to the defendant shall be canceled.
5. The defendant will take all necessary action to maintain the plaintiff as a contingent beneficiary on the Yale pension, contingent on the plaintiff surviving the defendant.
6. Each party shall be responsible for their own attorneys' fees, except that the defendant shall pay to the plaintiff as an allowance to prosecute the $7,000 she advanced as a retainer.
7. The personal property of the parties shall be divided between them in an equitable fashion, taking into account those items which were brought into the marriage by each party.
8. In the event the parties cannot agree upon a sales price or any other matter pertaining to paragraph 2, or cannot reach an agreement regarding personal property referred to in paragraph 7, the court shall maintain jurisdiction over those issues that are in dispute after there has been a good faith attempt to resolve the matter.
Robert I. Berdon Judge Trial Referee